IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

_____

**Brooke Walker,** :
:
*Plaintiff*, : Civil Action No. 20-4374
:
v. :
:
**Temple University,** :
:
*Defendant*. :
_____

ANSWER TO
FIRST AMENDED COMPLAINT

Defendant Temple University – Of The Commonwealth System of Higher Education ("Temple") hereby answers the *First Amended Complaint* filed by Plaintiff Brooke Walker ("Walker"). Any allegation in the *First Amended Complaint* not specifically admitted herein is denied.

INTRODUCTION

Contrary to the assertions in her *First Amended Complaint*, Walker's employment with the Maurice H. Kornberg School of Dentistry (the "Dental School") at Temple was marred by issues stemming from her hierarchical and unforgiving managerial style. In the two years that she worked for the Dental School, the departments under her control (Dental School admissions and Dental School development) experienced a shocking level of employee turnover – including the resignation and/or termination of six of the seven individuals who reported directly to Walker. Walker created an atmosphere of hostility and mistrust in which she bullied and belittled her subordinates and others at the Dental School. These deficiencies, coupled with an overall loss in confidence in her abilities to serve the Dental School, led the Dental School Dean

to conclude that Walker's continued employment would be untenable. Walker's gender played no part in her termination.

## PARTIES

1. Admitted.

2. Admitted.

3. Admitted with clarification. Temple is a non-profit corporation.

4. Admitted with clarification. The Dental School is one of Temple's seventeen distinct Schools and Colleges.

5. Denied. The allegations contained in this paragraph state legal conclusions to which no response is required and, therefore, the allegations are denied.

6. Admitted with clarification. During the final two years of Walker's employment (the relevant period for Walker's claims), during which time she worked exclusively for the Dental School, Walker worked from Temple's 3223 Broad Street address.

7. Admitted.

8. Denied. The allegations contained in this paragraph state legal conclusions to which no response is required and, therefore, the allegations are denied.

9. Denied. The allegations contained in this paragraph state legal conclusions to which no response is required and, therefore, the allegations are denied.

10. Denied. The allegations contained in this paragraph state legal conclusions to which no response is required and, therefore, the allegations are denied.

## JURISDICTION AND VENUE

11. Denied. The allegations contained in this paragraph state legal conclusions to which no response is required and, therefore, the allegations are denied.

12. Denied. The allegations contained in this paragraph state legal conclusions to which no response is required and, therefore, the allegations are denied.

13. Denied. The allegations contained in this paragraph state legal conclusions to which no response is required and, therefore, the allegations are denied.

14. Denied. The allegations contained in this paragraph state legal conclusions to which no response is required and, therefore, the allegations are denied.

15. Admitted in part. Denied in part. It is admitted only that Walker filed a Complaint with the Pennsylvania Human Relations Commission (the "PHRC Complaint") in February 2019. The PHRC Complaint is a writing which speaks for itself and, therefore, any characterization of this writing is denied.

16. Admitted in part. Denied in part. It is admitted only that on or about June 8, 2020, the EEOC issued to Walker a Notice of Right to Sue (the "EEOC Notice"). The EEOC Notice is a writing which speaks for itself and, therefore, any characterization of this writing is denied.

17. Denied. The allegations contained in this paragraph state legal conclusions to which no response is required and, therefore, the allegations are denied.

## FACTUAL ALLEGATIONS

18. Admitted with clarification. Walker began working for Temple University in September 2001. She began employment with the Dental School in February 2017.

19. Admitted in part. Denied in part. It is admitted only that Walker held a variety of roles within Defendant's Development and Alumni Affairs during the first years of her Temple employment; all other factual allegations are denied.

20. Admitted.

21. Admitted.

22. Admitted in part. Denied in part. It is admitted only that, in 2016, Walker complained about perceived discrimination. Temple specifically denies, however, that it ever discriminated against Walker in any way.

23. Admitted in part. Denied in part. It is denied that Sharon Boyle retained outside counsel to conduct this investigation. It is admitted, however, that Temple conducted a comprehensive investigation of Walker's 2016 complaint, including the retention of outside counsel. To the extent Walker's use of quotation marks around the word investigate is intended to suggest Temple failed to investigate her claims, Temple specifically denies such allegations.

24. Admitted in part. Denied in part. In early 2017, while Walker held the position of Assistant Vice President in Temple's Office of Student Affairs, Dean Ismail discussed with Walker an opportunity to become the Director of Development for the Dental School. Walker advised she would accept the position only if admissions responsibilities were added to her portfolio. In February 2017, Walker began her employment with the Dental School as the Associate Dean for Development, Alumni Relations, and Admissions. It is admitted that while employed at the Dental School Walker reported to Amid Ismail, Dean of the Dental School (hereinafter "Dean Ismail").

4

25. Denied. The allegations contained in this paragraph state legal conclusions to which no response is required and, therefore, the allegations are denied. To the extent that the allegations are deemed factual, Temple denies the allegations.

26. Denied.

27. Denied. The unattached email between Dean Ismail and Walker is a writing that speaks for itself and, therefore, any characterization of this writing is denied. By way of further denial, upon noticing Walker's frequent absences from the office, and general unavailability, Dean Ismail requested that Walker advise him when she would be away from campus.

28. Admitted in part. Denied in part. It is admitted only that in the January 22, 2019 meeting between Walker, Dean Ismail, and Bonny Reeder the parties discussed Dean Ismail's request for Walker to advise when she would be off campus.

29. Denied.

30. Denied. Temple lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, the allegations are denied. Although Temple is unable to discern what Walker "understood," no reasonable person in Walker's position could believe that Dean Ismail was trying to intimidate anyone.

31. Admitted in part. Denied in part. It is admitted only that Walker spoke with Sharon Boyle, Associate Vice President of Human Resources, on January 23, 2019. During that conversation Walker specifically declined to make a complaint of sex discrimination against Dean Ismail, or otherwise.

32. Denied. The unattached January 24, 2019 email is a writing that speaks for itself and, therefore, any characterization of this writing is denied.

33. Denied.

5

34. Denied as stated. At some point following the January 22, 2019 meeting between Dean Ismail, Reeder, and Walker, Walker approached Reeder to ask her opinion on how Walker could restore the working relationship between herself and Dean Ismail going forward. At no point did the two discuss any purported complaints of discrimination and/or fear of retaliation. In response to Walker's question, Reeder suggested that the two should meet to discuss how they could move forward with a productive working relationship.

35. Denied. Temple lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, the allegations are denied.

36. Denied.

37. Denied. Temple lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, the allegations are denied.

38. Denied. The unattached January 24, 2019 email is a writing that speaks for itself and, therefore, any characterization of this writing is denied.

39. Admitted.

40. Admitted.

41. Denied.

42. Denied.

43. Admitted in part. Denied in part. Admitted that Temple terminated Walker on February 4, 2019. Temple denies that Walker's purported complaints had any bearing on the decision to terminate her employment.

44. Denied.

45. Denied.

46. Denied.

6

47. Denied.

48. Denied. The allegations contained in this paragraph state legal conclusions to which no response is required and, therefore, the allegations are denied.

49. Admitted in part. Denied in part. It is admitted only that the Dental School's current Assistant Dean of Development and Alumni Affairs, Joseph Maiellano, is male. Temple specifically denies, however, that Mr. Maiellano's gender or history and/or lack thereof with Temple's human resources department had any bearing on his hiring.

50. Denied. Temple lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, the allegations are denied. Temple specifically denies that it allows high-ranking officials to engage in discriminatory and/or retaliatory behavior.

51. Denied. The allegations contained in this paragraph state legal conclusions to which no response is required and, therefore, the allegations are denied.

52. Denied. The allegations contained in this paragraph state legal conclusions to which no response is required and, therefore, the allegations are denied.

53. Denied. The allegations contained in this paragraph state legal conclusions to which no response is required and, therefore, the allegations are denied. To the extent that the allegations are deemed factual, Temple denies the allegations.

54. Denied. The allegations contained in this paragraph state legal conclusions to which no response is required and, therefore, the allegations are denied. To the extent that the allegations are deemed factual, Temple denies the allegations.

55. Denied. The allegations contained in this paragraph state legal conclusions to which no response is required and, therefore, the allegations are denied. To the extent that the allegations are deemed factual, Temple denies the allegations.

56. Denied. The allegations contained in this paragraph state legal conclusions to which no response is required and, therefore, the allegations are denied. To the extent that the allegations are deemed factual, Temple denies the allegations.

57. Denied. The allegations contained in this paragraph state legal conclusions to which no response is required and, therefore, the allegations are denied.

58. Denied. The allegations contained in this paragraph state legal conclusions to which no response is required and, therefore, the allegations are denied

59. Denied. The allegations contained in this paragraph state legal conclusions to which no response is required and, therefore, the allegations are denied.

## COUNT I – TITLE VII

60. Temple incorporates by reference its answers and defenses contained in paragraphs 1 through 59 as though fully set forth at length herein.

61. Denied. The allegations contained in this paragraph state legal conclusions to which no response is required and, therefore, the allegations are denied.

62. Denied. The allegations contained in this paragraph state legal conclusions to which no response is required and, therefore, the allegations are denied.

63. Denied. The allegations contained in this paragraph state legal conclusions to which no response is required and, therefore, the allegations are denied.

64. Denied. The allegations contained in this paragraph state legal conclusions to which no response is required and, therefore, the allegations are denied.

65. Admitted upon information and belief.

## COUNT II – PHRA

66. Temple incorporates by reference its answers and defenses contained in paragraphs 1 through 65 as though fully set forth at length herein.

67. Denied. The allegations contained in this paragraph state legal conclusions to which no response is required and, therefore, the allegations are denied.

68. Denied. The allegations contained in this paragraph state legal conclusions to which no response is required and, therefore, the allegations are denied.

69. Denied. The allegations contained in this paragraph state legal conclusions to which no response is required and, therefore, the allegations are denied.

70. Denied. The allegations contained in this paragraph state legal conclusions to which no response is required and, therefore, the allegations are denied.

71. Admitted upon information and belief.

## COUNT III – PFPO

72. Temple incorporates by reference its answers and defenses contained in paragraphs 1 through 71 as though fully set forth at length herein.

73. Denied. The allegations contained in this paragraph state legal conclusions to which no response is required and, therefore, the allegations are denied.

74. Denied. The allegations contained in this paragraph state legal conclusions to which no response is required and, therefore, the allegations are denied.

75. Denied. The allegations contained in this paragraph state legal conclusions to which no response is required and, therefore, the allegations are denied.

76. Denied. The allegations contained in this paragraph state legal conclusions to which no response is required and, therefore, the allegations are denied.

77. Admitted upon information and belief.

## RELIEF

WHEREFORE, Temple denies any liability to Walker and denies that Walker suffered damages as a result of any conduct by Temple. Temple is not liable on any of the causes of action contained the *First Amended Complaint*, and Temple will seek an award of all relief that the Court deems reasonable and appropriate under the circumstances presented in this proceeding.

## AFFIRMATIVE DEFENSES

Without conceding that Temple has the burden of proof on any of the defenses below, pursuant to Rule 8(c), Temple asserts the following defenses:

1. Walker fails to state a claim upon which relief can be granted.

2. Walker's claims are barred, in whole or in part, by the applicable statute of limitations.

3. The *Amended Complaint* fails to state a cause of action for sexual harassment or hostile work environment because the allegations do not constitute actionable harassment under Title VII, the PHRA, or the PFPO.

4. The *Amended Complaint* should be dismissed, in whole or in part, because Walker has or may have failed to meet the jurisdictional or administrative or other prerequisites or conditions precedent for maintaining all of part of this lawsuit.

5. Walker's hostile work environment claim fails because she cannot establish severe or pervasive discrimination based upon her gender.

6. Walker's hostile work environment claim fails because she cannot establish that any alleged conduct occurred because of her gender.

7. Walker's claims are barred, in whole or in part, by the doctrine of laches.

8. All actions taken with regard to Walker were for legitimate, good-faith, non-discriminatory business factors.

9. Temple acted in good faith and without any discriminatory motive, intent, malice, or reckless disregard for Walker's rights.

10. Walker's claims are barred, in whole or in part, because, at all relevant times, Temple had anti-discrimination policies in effect and Walker failed to avail herself of those policies and failed to bring her complaints to the attention of Temple.

11. Temple denies that Walker's gender or any other protected characteristic was a motivating factor in any employment decision.

12. Walker's claims are barred, in whole or in part, because Temple's purported actions or omissions were not the proximate cause of any alleged injury, loss, and/or damage incurred by Walker.

13. Walker's retaliation claim fails because she is unable to establish that she engaged in protected activity.

14. Walker's retaliation claim fails because there is no causal connection between any protected activity and the alleged adverse employment action.

15. Walker's retaliation claim fails because she did not have a good faith, reasonable belief that the alleged conduct was discriminatory.

16. Walker is precluded from any recovery because she has not suffered any damages or any legally recognizable injury and/or the damages that she seeks are necessarily speculative and not recoverable as a matter of law.

17. Expressly denying that Walker has suffered any actionable damages, Temple avers that, through the use of diligent efforts, Walker could have mitigated her alleged losses and other damages and failed to do so.

18. The allegations of the *Amended Complaint* are insufficient to entitle Walker to an award of punitive or exemplary damages.

19. Temple reserves the right to raise any and all other affirmative defenses that may become evident during discovery and during any other proceeding in this action.

**WHEREFORE**, Temple denies that Walker is entitled to any relief requested and requests that the Court enter judgment in Temple's favor.

Respectfully Submitted,

Dated: January 4, 2021      */s/  Melanie E. Osborn*
Michael J. Fortunato, Esquire
Melanie E. Osborn, Esquire
RUBIN, FORTUNATO & HARBISON P.C.
10 South Leopard Road
Paoli, PA  19301
Tel. (610) 408-2005/2028
Fax. (610) 854-4305/1862
mfortunato@rubinfortunato.com
mosborn@rubinfortunato.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I, Melanie E. Osborn, hereby certify that I electronically filed the foregoing Answer to First Amended Complaint with the Clerk of the Court by using the CM/ECF system which will send notification of such filing to the counsel of record as follows:

>Katherine C. Oeltjen, Esquire
>Holly W. Smith, Esquire
>Console Mattiaci Law LLC
>1525 Locust Street, 9th Floor
>Philadelphia, PA 19102

Dated:  January 4, 2021                    /s/ *Melanie E. Osborn*